IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW ESCALANTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No: 22-cv-2485-TC-TJJ |
| JANELLE ESCALANTE, | ) ) |
| Defendant. | ) ) |

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS
BUT WITHHOLDING SERVICE OF SUMMONS AND COMPLAINT**

Plaintiff, proceeding *pro se*, has filed an Application to Proceed in District Court Without Prepaying Fees and Costs pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1) (ECF No. 3). The *in forma pauperis* statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

Based on the information provided in his Affidavit in Support of the Application, the Court finds Plaintiff is not financially able to pay the filing fee to institute a civil action. The Court will therefore grant Plaintiff's request to proceed without prepayment of fees.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[4] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5] In this case, a pre-service review is appropriate as it appears the Court lacks subject-matter jurisdiction. A separate Order to Show Cause will be entered requiring Plaintiff to show good cause why this action should not be dismissed for lack of subject-matter jurisdiction.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs (ECF No. 3) is GRANTED, but service of summons and the Complaint shall be withheld pending further order of the Court.

**IT IS FURTHER ORDERED THAT** a copy of this Order shall be mailed to Plaintiff.

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**IT IS SO ORDERED.**

Dated January 19, 2023, at Kansas City, Kansas.

                                                            Teresa J. James
                                                         U.S. Magistrate Judge