IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW ESCALANTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 22-cv-2485-TC-TJJ |
| ) | |
| JANELLE ESCALANTE, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel (ECF No. 4). Plaintiff, proceeding *pro se* and *in forma pauperis*,[1] requests that the Court appoint counsel to represent him in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] If a party is proceeding *in forma pauperis* under 28 U.S.C. § 1915(a), a court "may request an attorney to represent any person unable to afford counsel."[3] The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[4] In determining

---

[1] *See* Order granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs (ECF No. 9).

[2] *Lee v. Crouse*, 284 F. Supp. 541, 543-44 (D. Kansas 1967) ("There is no absolute right to appointment of counsel in either habeas corpus or civil rights actions.").

[3] 28 U.S.C. § 1915(e)(1).

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[5]

The Court will be issuing a Notice and Order to Show Cause requiring Plaintiff to show cause why this cause should not be dismissed for lack of subject-matter jurisdiction. The Court therefore denies Plaintiff's Motion for Appointment of Counsel without prejudice to re-filing, if the Court finds Plaintiff has established the Court has subject-matter jurisdiction over this case after he timely responds to the Court's Notice and Order to Show Cause.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that a copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated January 19, 2023, at Kansas City, Kansas.

_____
Teresa J. James
U.S. Magistrate Judge

---

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).