IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW ESCALANTE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Case No: 22-cv-2485-TC-TJJ<br>JANELLE ESCALANTE, )<br>)<br>Defendant. ) | |

**NOTICE AND ORDER TO SHOW CAUSE**

**TO PLAINTIFF:**

Plaintiff, proceeding *pro se*, filed this action alleging his ex-wife intentionally or negligently made false statements regarding personal property in her bankruptcy case filings. He further alleges she made false statements to law enforcement and in police reports that resulted in his arrest. In conjunction with the filing of his civil complaint, Plaintiff filed a motion requesting leave to proceed without prepayment of the filing fee under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). That motion was granted, but service of the summons and complaint has been withheld pending review, as discussed herein, whether the Court has subject-matter jurisdiction over this case.

Federal courts have limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so.[1] A federal court has an independent obligation to determine

---

[1] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). *See also Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) ("Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts.").

whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,[2] and must dismiss the action at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.[3] Because the jurisdiction of federal courts is limited, "there is a presumption against [] jurisdiction, and the party invoking federal jurisdiction bears the burden of proof."[4]

There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. For a federal court to have federal-question jurisdiction, the action must arise "under the Constitution, laws, or treaties of the United States."[5] For a case to arise under federal law within the meaning of § 1331, the plaintiff's "well-pleaded complaint" must establish one of two things: "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[6]

For a federal court to have diversity jurisdiction, the plaintiff must show the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between all plaintiffs

---

[2] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

[3] *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[4] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[5] 28 U.S.C. § 1331.

[6] *Firstenberg*, 696 F.3d at 1022.

and all defendants.[7] In this case, that means Plaintiff must allege that he and Defendant are "citizens of different States"[8] to establish diversity jurisdiction.

Plaintiff bears the burden of showing that jurisdiction is proper and must demonstrate that the case should not be dismissed.[9] "Conclusory allegations of jurisdiction are not enough."[10] Because Plaintiff proceeds *pro se*, his pleadings must be liberally construed.[11] The Court, however, does not "assume the role of advocate for the pro se litigant."[12] Liberally construing *pro se* filings does not mean supplying additional factual allegations or constructing a legal theory on the party's behalf.[13]

Plaintiff commenced this action *pro se* by filing his Complaint (ECF No. 1) on November 23, 2022. He filed an Amended Complaint and Request for Injunction (ECF No. 8) ("Amended Complaint") on December 1, 2022. Plaintiff checked the box for "Federal Question" jurisdiction in his Amended Complaint and listed the following federal statutes as the basis for jurisdiction: 18 U.S.C. § 152(2) (false oath or account); 18 U.S.C. § 1621 (perjury); and 18 U.S.C. § 1623 (false declarations before grand jury or court). He did not check the box for "Diversity"

---

[7] 28 U.S.C. § 1332(a).

[8] 28 U.S.C. § 1332(a)(1).

[9] *Sigg v. District Court of Allen Cnty., Kan.*, No. 06-2436-KHV, 2007 WL 913926, at *1 (D. Kan. Mar. 23, 2007).

[10] *Id.*

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

jurisdiction, but he did fill in the section for diversity jurisdiction, alleging he and Defendant are both citizens of the State of Kansas.

In his Amended Complaint, Plaintiff attempts to establish federal-question jurisdiction by citing three federal criminal statutes and alleging that Defendant violated these statutes. However, these statutes do not provide a valid basis for federal-question jurisdiction because none of the cited statutes creates a private cause of action for a private citizen. The U.S. Supreme Court has held that "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."[14]  "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."[15]

With respect to the specific criminal statutes asserted by Plaintiff, the federal courts considering those statutes as a basis for federal-question subject-matter jurisdiction have found they do not create a private right of action. In *Brown v. Oconee Federal Financial Corp.*, the court dismissed the plaintiff's amended complaint, which alleged bankruptcy fraud under criminal statute, 18 U.S.C. § 152, for lack of subject-matter jurisdiction, finding "no private

---

[14] *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); accord *Doyle v. Okla. Bar. Ass'n*, 998 F.2d 1559, 1567 (10th Cir. 1993).

[15] *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979)).

cause of action for bankruptcy fraud."[16] In *Mondonedo v. Henderson*,[17] the court found the plaintiff failed to establish federal court jurisdiction by alleging violations of federal and state criminal statutes, including 18 U.S.C. §§ 1621 and 1622, defining the crimes of perjury, as a basis for federal court jurisdiction. The court found none of the penal statutes cited by the plaintiff conferred a private right of action.[18] In *Lim v. Miller*, the court found there was no language in 18 U.S.C. § 1621 and 1623 that would imply a cause of action exists to allow the plaintiff to seek a remedy for the asserted criminal statutes.[19] The court noted "[c]ivil causes of action do not generally lie under the criminal statutes contained in Title 18 of the United States Code."[20]

Based upon the information provided in the Amended Complaint, Plaintiff has not established the Court has subject-matter jurisdiction on the basis of a federal question. Plaintiff's

---

[16] No. 2:20-CV-00208-SCJ, 2021 WL 9721156, at *2 (N.D. Ga. Apr. 5, 2021). *See also Peters v. Peters*, No. C21-955RSM, 2021 WL 3849343, at *1 (W.D. Wash. Aug. 27, 2021) (finding the plaintiff had not established a private cause of action to proceed under 18 U.S.C. § 153 (embezzlement against estate) or 18 U.S.C. § 152 (fraudulent concealment of assets)).

[17] No. 12-3082-SAC, 2012 WL 3245440, at *4 (D. Kan. Aug. 9, 2012). *See also Roemer v. Crow*, 993 F. Supp. 834, 837 (D. Kan. 1998) ("18 U.S.C. § 1621 is a criminal statute which does not provide a civil right of action for damages").

[18] *Id. See also Fletcher v. Parsons Behle & Latimer*, No. 1:22-CV-00160-DCN, 2022 WL 17362030, at *1 (D. Idaho Dec. 1, 2022) (finding no private cause of action under the federal criminal perjury statute, 18 U.S.C. § 1621, to establish federal question jurisdiction).

[19] No. 1:21-CV-01734-DAD-BAM, 2022 WL 2193164, at *5 (E.D. Cal. June 17, 2022). *See also Fetman v. Lipnitsky*, No. 15 CIV. 5543 BMC LB, 2015 WL 5719708, at *2 (E.D.N.Y. Sept. 29, 2015) (finding the plaintiff had not established federal question jurisdiction by asserting claim for violations of the federal criminal statute, 18 U.S.C. § 1623, which addresses false declarations before a jury or grand jury, because it did not provide a private right of action).

[20] *Lim*, 2022 WL 2193164, at *5 (quoting *Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997)).

citation to three federal criminal statutes do not give him the right to assert a private cause of action and thus cannot serve as the basis for federal-question jurisdiction.

In his Amended Complaint, Plaintiff alleges he and Defendant are both citizens of the same state. Thus, Plaintiff also cannot establish diversity jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiff must show good cause in writing to the Honorable Toby Crouse, United States District Judge, on or before **February 24, 2023**, why this action should not be dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that a copy of this Notice and Order to Show Cause be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated January 25, 2023, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge